1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SKYLER R. BROWN,                     Case No.  2:23-cv-01827-JDP (PC)

12              Plaintiff,                 ORDER

13         v.

14    S. SERGENT,

15              Defendant

16
17
18
19
20

21         Plaintiff, a state prisoner proceeding *pro se*, brings this case against defendant Sergent for

22    violation of her[1] Eighth Amendment rights.  The complaint is sufficient to state an Eighth

23    Amendment claim against Sergent.  Plaintiff's claims for discrimination, however, are non-

24    cognizable as articulated.  Plaintiff may either proceed only with her Eighth Amendment

25    excessive force claim or delay serving the defendant and file an amended complaint.

26    Additionally, I will grant her application to proceed *in forma pauperis*.  ECF No. 2.

27    _____

28         [1] Plaintiff identifies as a transgender woman.  ECF No. 1 at 5.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Screening Order**

**I.      Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

1

**II.      Analysis**

2      Plaintiff alleges that, on an unspecified date, defendant Sergent threw her to the ground

3  and placed a knee on her neck.  ECF No. 1 at 3.  She alleges that she was offering no resistance at

4  the time Sergent used force against her.  These allegations, though threadbare, are sufficient to

5  state an Eighth Amendment excessive force claim.

6      Plaintiff also makes vague claims that Sergent has discriminated against transgender

7  inmates in the past.  *Id.* at 4-5.  She does not allege any specific instances of discrimination, and

8  instead alludes to lawsuits filed against Sergent by other transgender inmates.  *Id.* at 6.  If plaintiff

9  intends to pursue a claim based on these allegations, she must allege particulars and explain her

10 theory of liability.

11     Accordingly, plaintiff may proceed only with her Eighth Amendment excessive force

12 claim against Sergent, or she may file an amended complaint.  She is advised that the amended

13 complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896,

14 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled "First Amended

15 Complaint" and refer to the appropriate case number.

16      Accordingly, it is ORDERED that:

17     1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

18     2.  Within thirty days from the service of this order, plaintiff shall either indicate her intent

19 to proceed only with her excessive force claim against Sergent or she shall file her amended

20 complaint.

21     3.  The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

22
23
IT IS SO ORDERED.

24
Dated:    November 1, 2023                                    _____

25
                                                    JEREMY D. PETERSON
26
                                                    UNITED STATES MAGISTRATE JUDGE
27
28

3